Affirmed and Memorandum Opinion filed June 22, 2004









Affirmed and Memorandum Opinion filed June 22, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00653-CR

____________

 

FELIX ALFONSO
GUERRA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1152993

 



 

M E M O R A N D U M   O P I N I O N

The jury found appellant guilty of
burglary of a motor vehicle, and the trial court assessed punishment at 190
days= confinement in
the Harris County Jail.  In four points
of error, appellant contends the State=s closing argument
was improper and that the evidence identifying appellant was factually
insufficient.  We affirm.

FACTUAL BACKGROUND








On the morning of January 10, 2003, Joyce
Bobadilla noticed that the passenger=s side window to
her car was broken and that it appeared someone tried to pry open the driver=s side
window.  Bobadilla approached the car and
noticed appellant inside the car, apparently attempting to remove the cover
from the steering wheel column. 

Mistaking appellant for his brother, Abel
Rodriguez, Bobadilla said, AAbel, what in the
hell are you doing in my car?@  When appellant looked up, Bobadilla realized
he was not Rodriguez.  Bobadilla returned
to her apartment and told a friend to call the police.  Bobadilla watched out the window and saw
appellant enter Rodriguez=s apartment.

Officer Dutch Taylor responded to the
call.  When he arrived, Bobadilla
directed him to Rodriguez=s apartment.  Officer Taylor entered the apartment and
returned with Rodriguez in handcuffs. 
Bobadilla told Officer Taylor that Rodriguez was not the burglar, and
Rodriguez was released.  Appellant was
not in Rodriguez=s apartment, so Officer Taylor left the
apartment complex.

Officer Paul Williams, who had responded
as backup, noticed appellant standing nearby when he also left the apartment
complex.  Because appellant matched the
description given by Bobadilla, Officer Williams placed appellant in his patrol
car.  Bobadilla subsequently identified
appellant as the burglar.

ANALYSIS

I.        Jury
Argument

In his first three points of error,
appellant claims the State=s closing argument
was improper because it (1) commented on appellant=s failure to
testify, (2) improperly shifted the burden of proof to appellant, and (3)
struck at appellant over the shoulder of his counsel.  However, appellant did not object at trial
and, therefore, failed to preserve his claims for appeal.  See Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996) (A[A] defendant=s failure to
object to a jury argument or a defendant=s failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal.@).  We overrule appellant=s first three
points of error.

 








II.       Identification

In his fourth point of error, appellant
contends the evidence identifying him as the burglar was factually
insufficient.  In reviewing factual
sufficiency, we look at all of the evidence in a neutral light, and will reverse
a conviction only if the evidence supporting guilt is so obviously weak as to
render the conviction clearly wrong and manifestly unjust, or if that evidence,
although adequate when taken alone, is so greatly outweighed by the
overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

Bobadilla positively identified appellant
as the burglar both when he was arrested and at trial.  However, appellant argues that Bobadilla=s identification
of appellant was factually insufficient because she was initially convinced
Rodriguez was the burglar, she told Officer Taylor that Rodriguez was the
burglar and directed him to Rodriguez=s apartment, and
she did not immediately inform Officer Taylor that Rodriguez was not the
burglar.[1]








Most of this testimony is explained by
other testimony by Bobadilla.  She
testified that she only believed Rodriguez was the burglar before she saw the
burglar=s face; when the
burglar looked up that she realized he was not Rodriguez.  She testified that she directed Officer
Taylor to Rodriguez=s apartment because she saw appellant
enter it.  Finally, she testified that
she delayed telling Officer Taylor that Rodriguez was not the burglar because
she wanted to give Rodriguez a chance to implicate appellant.

The only testimony by Bobadilla that was
not explained was her affirmative answer when asked whether she initially told
Officer Taylor that Rodriguez was the burglar. 
However, this testimony is contradicted by her testimony that she knew
Rodriguez was not the burglar at that time. 
The weight to give contradictory testimony is within the sole province
of the jury.  Cain v. State, 958
S.W.2d 404, 408B09 (Tex. Crim. App. 1997).  The jury=s determination
was not clearly wrong or manifestly unjust merely because it resolved this
evidence in favor of the State.  See
id. at 410.  We overrule appellant=s fourth point of
error.                 

We affirm the judgment of the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed June 22, 2004.

Panel
consists of Justices Fowler, Edelman, and Elliott.[2]

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant
relies on the following testimony by Bobadilla during cross-examination:

Q:         When you walked up to
your vehicle you were sure it was [Rodriguez] at that time; isn=t that right?

A:         I thought it was
[Rodriguez].

Q:         And you thought it wasCso much that it was [Rodriguez] that you called the
police; isn=t that right?

A:         Yes, sir.

Q:         And when the police
arrived, you told the police that it was [Rodriguez] and you took him to
[Rodriguez=s apartment]; is that correct?

A:         Yes, sir.

. . .

Q:         You testified earlier
that when you looked in your car you thought it was [Rodriguez].

A:         Yes.

Q:         And then you also
testified that then you knew it was not [Rodriguez]?

A:         That=s right.

Q:         And then after that,
you still called the police and you went after [Rodriguez] in [his apartment];
is that right?

A:         I told the police
officer that the guy went into [Rodriguez=s
apartment].





[2]  The Honorable
Brady Elliott, Judge of the 268th District Court of Fort Bend County, sitting
by assignment pursuant to Tex. Gov=t Code ' 74.003(h).